UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN, *et al*.,<br><br>    Defendants. | Case No. 25-cv-03019-SI<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. 1915; TRANSFERRING CASE TO EASTERN DISTRICT OF CALIFORNIA** |

On April 2, 2025, self-represented litigant Joshua Laine filed this lawsuit against the Superior Court for the County of San Joaquin, San Joaquin Superior Court Judge Gus Correa Barrera, San Joaquin Superior Court Assistant Court Executive Officer Stephanie Bohrer, and California Attorney General Rob Bonta. The complaint alleges twelve causes of action stemming from a domestic violence criminal case filed against Laine that is currently pending in San Joaquin County Superior Court. Laine claims that the defendants have violated his rights in numerous ways and that he is being unfairly and unjustly prosecuted. Laine has also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**LEGAL STANDARD**

Where, as here, a party seeks to proceed *in forma pauperis*, the district court must screen the complaint to determine if it states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). "When a court reviews the sufficiency of a complaint pursuant to 28 U.S.C. § 1915, the court may dismiss [or transfer] the case if venue is improper." *McDaniel v. United States*, Case No. 18-cv-06785-JCS, 2018 WL 6617965, at *2 (N.D. Cal. Nov. 16, 2018); *see also*

*Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (a district court may raise the issue of venue on its own motion).

## DISCUSSION

The general venue statute states, in relevant part, that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" Here, all of the defendants except Attorney General Bonta reside in San Joaquin County, which is part of the Eastern District of California. In addition, a substantial part – if not all – of the events or omissions giving rise to Laine's claims occurred in San Joaquin County, where Laine's state criminal case is pending. Thus, venue is only proper in this district if Laine has stated a claim against Bonta.

Laine has sued Attorney General Bonta in his official and personal capacities. The complaint alleges that Bonta has conspired with the San Joaquin County court defendants and unnamed co-conspirators, such as San Joaquin County district attorneys, to violate Laine's constitutional and other legal rights in connection with the criminal proceedings. Compl. ¶ 25 ("Plaintiff is informed and believes, and on such information and belief alleges, that said Defendants Superior Court, Rob Bonta, Gus Barrera and Stephanie Bohrer are and at all relevant times herein were the co-conspirators in committing the acts and violations herein alleged and acted under color of law and was employed, compensated, enriched, and rewarded for performing duties within the realm of the corporation known as County of San Joaquin, Inc. and State of California, Inc."). The complaint also alleges that Bonta "is responsible for failing to supervise his administrators and subordinates [in the San Joaquin County District Attorney's Office] and allowing them to willfully violate the state and federal constitutions . . . ." *Id.* ¶ 13. Aside from the conspiracy and supervisory liability allegations, there are no facts in the complaint regarding Bonta and his connection to this case. Thus, the claims against Bonta are wholly predicated on the theories of conspiracy and supervisory liability.

There are several problems with Laine's claims against Bonta. First, the allegation regarding Bonta's involvement in a conspiracy to violate Laine's rights is conclusory and lacking any factual support, and thus the Court disregards that allegation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]").

Second, to the extent Laine seeks to hold Attorney General Bonta liable for the actions of the district attorneys who are prosecuting the criminal case against him, those claims fail because "[a] state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate' for the State and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 430-31 (1976)); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 345-46 (2009) (supervisory prosecutors are absolutely immune from claims of failure to supervise prosecutors' conduct of criminal case). The San Joaquin County district attorneys' actions that are challenged in the complaint – such as committing "perjury and fraud" by "claiming Mr. Laine is a danger to society and does not deserve bail" (Compl. ¶ 35); failing to provide Laine with discovery (Compl. ¶ 36); or modifying the criminal complaint in allegedly illegal ways (Compl. ¶ 44) – are "intimately associated with the judicial phase of the criminal process," and barred by absolute prosecutorial immunity. *Imbler*, 424 U.S. at 430. Similarly, California Government Code Section 821. provides immunity for public employees for "injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal Gov't Code § 821.6.

Because the complaint does not state a claim against Bonta, the Court considers him to be a "sham" defendant whose residence can be disregarded when determining venue. *See McDaniel*, 2018 WL 6617965, at *2-3 (N.D. Cal. Nov. 16, 2018) (conducting 28 U.S.C. § 1915 review and stating that "for purposes of determining whether a case has been filed in the proper venue, a defendant against whom no claim has been stated may be disregarded for the purposes of determining whether transfer or dismissal is appropriate"). Because all other defendants reside in

San Joaquin County and a substantial part of the events giving rise to Laine's claim occurred in San Joaquin County, the Court finds that venue is proper in the Eastern District of California, and accordingly TRANSFERS this case to that district pursuant to 28 U.S.C. § 1406(a) to allow that court to conduct the full 28 U.S.C. § 1915 review.

**IT IS SO ORDERED**.

Dated: April 15, 2025

SUSAN ILLSTON
United States District Judge